**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 25 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NACARY HOGARTH XAVIER, AKA Nacary Xavier, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 18-71146 <br><br> Agency No. A097-417-293 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2019[**]

Before: CANBY, TASHIMA, and CHRISTEN, Circuit Judges.

Nacary Hogarth Xavier, a native and citizen of St. Lucia, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for adjustment of

status. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

questions of law and review for abuse of discretion the denial of a continuance. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009).  We dismiss in part and deny in part the petition for review.

Xavier's contentions that the agency violated due process by misconstruing or not considering evidence and argument, not following agency precedent, applying the incorrect discretionary standard, and in not providing notice to him that a heightened standard would be applied are not supported.  Accordingly, he has not raised a colorable claim of legal or constitutional error that would invoke our jurisdiction to review the agency's discretionary denial of adjustment of status. *See Hosseini v. Gonzales*, 471 F.3d 953, 956-57 (9th Cir. 2006).

The IJ did not abuse his discretion or violate due process in not continuing proceedings to review Xavier's submissions, where the record shows the IJ considered Xavier's filings in his decision.  *See Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009) (listing factors to consider when reviewing the denial of a continuance, including the nature of the evidence excluded); *Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice.").

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**